IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JANE FRANCES PAINO and          )
DONALD KUMMICK,                 )
            Plaintiffs,         )
                                )
        v.                      )  Civil Action No. 04-1062
                                )
MARK EDWIN KING, PhD and        )
CHILD CUSTODY PROFESSIONALS,    )
            Defendants.         )

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                    October 28, 2005

This is an action in civil rights. Plaintiffs, Jane

Frances Paino and Donald Kummick, husband and wife, allege that

defendant, Dr. Mark Edwin King, subjected plaintiff Paino to

sexual harassment during a court ordered psychological evaluation

in violation of Paino's constitutional rights. Plaintiffs assert

claims under section 1983, and state common law, and seek

monetary damages from Dr. King and derivatively from his

partnership, Child Custody Professionals. 42 U.S.C. §1983.

Defendants have filed a motion for summary judgment [doc.

no. 23] arguing primarily that they are not state actors for

purposes of section 1983 liability. Plaintiffs contend

defendant King is a state actor because he was a court appointed

psychologist performing a state function. For the reasons set

forth below, defendants' motion will be granted.

I.    BACKGROUND

Unless otherwise indicted the facts material to this issue are not in dispute.  Several years ago plaintiff Paino and her ex-husband, Anthony Petraglia, were involved in a custody dispute regarding their minor son.   The Court of Common Pleas of Allegheny County, in a June 16, 2003 order, appointed Dr. King to conduct a psychological evaluation of the parents.  The parties dispute what happened during plaintiff Paino's evaluation. Plaintiff contends that Dr. King made inappropriate sexual comments to her during her private interview with him, and propositioned her during a follow up telephone call.   Dr. King denies these allegations.

After these alleged incidents, Dr. King prepared a written report and testified at an August 26, 2003 custody hearing.   In the report, defendant King recommended that plaintiff Paino be granted custody of the minor child.  At the hearing, defendant King gave no recommendation as to custody.  He explained that he had changed his mind because he learned, after he wrote the report, that plaintiff Paino had recently considered divorcing her current husband, plaintiff Kummick.   During the hearing, defendant King gave positive testimony regarding plaintiff Paino's character and skills as a mother, but indicated that

2

given his knowledge that there were marital problems between plaintiffs, he could not make a recommendation regarding custody either way.

## II.    STANDARD OF REVIEW

Fed.R.Civ.P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." To defeat summary judgment, the non-moving party cannot rest on the pleadings, but rather must go beyond the pleadings and present "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. A dispute over those facts that might affect the outcome of the suit under the governing substantive law, i.e. the material facts, however, will preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

3

AO 72A
(Rev.8/82)

248 (1986). Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. Id. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the non-moving party. Id. at 248-49. Under these standards, the non-moving party must do more than show there is "some metaphysical doubt" as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec., 475 U.S. at 587 (citations omitted).

In summary, the inquiry under a Rule 56 motion is whether the evidence of record presents a genuine dispute over material facts so as to require submission of the matter to a jury for resolution of that factual dispute or whether the evidence is so one-sided that the movant must prevail as a matter of law because no reasonable jury could return a verdict in her favor.

4

AO 72A
(Rev.8/82)

III.  DISCUSSION

The dispositive question presented by defendants' motion
for summary judgment is whether defendant King is a state actor.[1]
Section 1983 does not apply to the conduct of private parties, no
matter how unfair or discriminatory. Blum v. Yaretsky, 457 U.S.
991 (1982). Instead, to state a claim of liability under section
1983, plaintiff must allege that she was deprived of a federal
constitutional or statutory right "under color of state law", or
in other words, by a state actor. Rendell-Baker v. Kohn, 457
U.S. 830, 838 (1982); Benn v. Universal Health Sys., Inc., 371
F.3d 165, 169-70 & n.1 (3d Cir. 2004). Where, as here, the
alleged actor is a private person, we must ask whether there is
"such a 'close nexus between the State and the challenged action'
that seemingly private behavior 'may be fairly treated as that of
the State itself.'" Brentwood Acad. v. Tennessee Secondary Sch.
Athletic Ass'n, 531 U.S. 288, 295 (2001) (quoting Jackson v.
Metro. Edison Co., 419 U.S. 345, 351 (1974)).

Plaintiffs contend that defendant King is a state actor
because he was appointed by the court pursuant to state statute
to  conduct  the  psychological  evaluation  and  because  that
evaluation  is  a  state  function  integral  to  the  custody

---

[1]     The state actor issue was not raised in
        plaintiff's previous motion to dismiss, which was
        based on absolute immunity.

proceedings. Defendants argue that private psychologists do not become state actors by virtue of being court appointed to conduct custody evaluations. We agree with defendants and find that defendants are not state actors.

## A. Court Appointed Psychologists are not State Actors

The Court of Appeals for the Third Circuit has yet to decide whether court appointed private psychologists are state actors for purposes of section 1983 claims. However, based on the weight of authority from our court of appeals, as well as other courts, finding that various private professionals do not gain state actor status by virtue of being court appointed, we hold that, as a matter of law, a private psychologist does not automatically become a state actor by virtue of being court appointed pursuant to a state statute. See e.g., Polk County v. Dodson, 454 U.S. 312 (1981) (public defenders are not state actors); Black v. Bayer, 672 F.2d 309 (3d Cir. 1982) (court appointed attorneys are not state actors); Hall v. Quillen, 631 F.2d 1154 (4th Cir. 1980) (court appointed attorney and doctor are not state actors); Housand v. Heinman, 594 F.2d 923 (2d Cir. 1979) (court appointed attorneys are not state actors); Duboys v. Bomba, 199 F.Supp.2d 166 (S.D.N.Y. 2002) (court appointed fiduciaries are not state actors); Elmasri v. England, 111

6

F.Supp.2d 212 (E.D.N.Y. 2000) (court appointed guardian and psychologist are not state actors); Williams v. Bierman, 46 F.Supp.2d 1262 (M.D. Fla. 1999) (private psychologist acting pursuant to state court order is not a state actor); Anderson v. Glismann, 577 F.Supp. 1506 (D. Colo. 1984) (court appointed psychiatrist in custody matter is not a state actor).

Based on the sound reasoning of these cases, as well as plaintiff's failure to identify one case in which a private psychologist, or related professional, was found to be a state actor for purposes of section 1983 liability, we conclude that defendant King was not transformed into a state actor merely because he conducted a court ordered psychological evaluation. Because there are no material facts in dispute on this issue, we find as a matter of law that defendant King is not a state actor because he was a court appointed psychologist.

### B.   Psychological Custody Evaluations are not a State Function

Nor do we believe that defendant King is a state actor because he performed a state function in conducting the custody evaluation. Public function analysis requires that the function being performed be traditionally and exclusively reserved to the state. Leshko v. Servis, 423 F.3d 337, 340 (3d Cir. 2005) (citing West v. Atkins, 487 U.S. 42, 56 (1988)). The

7

traditionally exclusive public function requirement is a "rigorous standard" that is "rarely...satisfied." Robert S. v. Stetson School, Inc., 256 F.3d 159, 166 (3d Cir. 2001) (citing Mark v. Borough of Hatboro, 51 F.3d 1137, 1142 (3d Cir. 1995)). Our court of appeals has very recently examined the boundaries of the public function doctrine in Leshko, in which it found that foster parents are not state actors for purposes of section 1983 liability. The decision in Leshko turned on whether the foster parents were delegated "traditionally and exclusively" state functions.

According to Leshko, we must first define the function, and then determine whether it is a traditionally and exclusively state function. In this case, the function performed by defendant King was psychological evaluation, reporting, and testifying in child custody proceedings. There is no indication in the record, the Pennsylvania statutes, or the Pennsylvania Rules of Civil Procedure governing child custody matters that this function is one traditionally and exclusively performed by the state. Rather, a psychological evaluation is not even required in a child custody proceeding in Pennsylvania. 23 Pa. Con. Stat. §5305(a); Pa. R. Civ. P. 1915.8(a). Nor is the court the only one that can request one; the parties may also move to have the evaluations conducted. Pa. R. Civ. P. 1915.8(c). In

8

addition, litigants are permitted to rely on psychological evaluations at a custody hearing that were not ordered by the court or prepared by court appointed psychologists. Pa. R. Civ. P. 1915.8(i). In fact, from the record, it appears that the parties, at least under some circumstances, pay the court appointed evaluator from their own funds.

There is no evidence that the function is one traditionally and exclusively performed by the state. There being no material facts in dispute regarding this matter, we hold that, as a matter of law, court appointed psychologists do not perform state functions and are therefore not state actors for purposes of section 1983.

## C. State Law Claims

In addition to their section 1983 claim, plaintiffs have brought numerous Pennsylvania common law claims against defendants. In their complaint plaintiffs asserted that this court had jurisdiction over these state law claims based on both supplemental jurisdiction and diversity jurisdiction. Plaintiffs have apparently abandoned their allegations of diversity jurisdiction as they argue in opposition to defendants' motion for summary judgment that the state law claims should not be dismissed solely because the court has supplemental jurisdiction

9

over them.   However, regardless, we find that we do not have
jurisdiction under either option.

We would not exercise supplemental jurisdiction over the
state law claims in this case because the federal claim has been
eliminated.   Where the district court has dismissed all claims
over which it had original jurisdiction, the court may, in its
discretion, decline to exercise supplemental jurisdiction.   28
U.S.C. § 1367(c)(3); see Growth Horizons, Inc. v. Delaware
County, Pa., 983 F.2d 1277, 1284 (3d Cir. 1993).   The Supreme
Court has made clear that the balance of factors, i.e., judicial
economy, convenience, fairness, and comity, "will point toward
declining to exercise jurisdiction over the remaining state-law
claims".   Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7
(1988).   The court finds that the balance of factors points
toward declining to exercise jurisdiction over plaintiffs'
supplemental state law claims in this case.

Plaintiffs have also alleged independent diversity
jurisdiction in their complaint.   Plaintiffs did not address this
in their brief and apparently abandoned this basis of
jurisdiction.   In any event, plaintiffs have not included any
allegation as to the amount in controversy in their complaint.
Nor did plaintiffs seek leave to amend their complaint to do so
when the status of their federal claims was put in jeopardy by

10

defendants' motion to dismiss.   We note that plaintiffs filed their complaint in this court; defendants did not remove this action from state court.   Plaintiffs who wish to take advantage of this court's jurisdiction should, at a minimum, comply with the pleading requirements.   Without any allegation as to the amount in controversy, nor any argument as to why one would not be required, nor any effort to amend the complaint in a case that is more than a year old to make the required allegation, we cannot make a finding that this court has diversity jurisdiction over this matter.

IV.     CONCLUSION

        For the foregoing reasons, defendants' motion for summary judgment is granted.   An appropriate order follows.

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JANE FRANCES PAINO and          )
DONALD KUMMICK,                 )
        Plaintiffs,             )
                                )
        v.                      )   Civil Action No. 04-1062
                                )
MARK EDWIN KING, PhD and        )
CHILD CUSTODY PROFESSIONALS,    )
        Defendants.             )

ORDER

Therefore, this 28th day of October, 2005, IT IS HEREBY

ORDERED that defendants' motion for summary judgment [doc. no.

23] is GRANTED.

The Clerk of Court is directed to mark this case

closed.

BY THE COURT:

_____, J.

cc:   All Counsel of Record

12